No. 76.—Robert B. Murdock, plaintiff in error, vs. Mary Miller, defendant in error.

The legality of the possession of lands, &c. in proceedings under the Act of 14th February, 1854, to protect the owners of lands or tenements against intruders, &c. depends on the legality of the original entry.

Summary Proceeding, for recovery of land, in Muscogee Superior Court. Tried before Judge Worrill, at December Term, 1856.

This was a proceeding under Act of 1853-4, to recover by summary remedy, the possession of a house and lot in the City of Columbus.

Plaintiff, Murdock, offered in evidence a deed from Frederick Miller to Lewis M. Durr, for the lot in controversy,

dated 31st January 1853; also a deed from Durr to the plaintiff, dated 16th March 1854.

George W. Spencer, the brother-in-law of plaintiff, testified that in a conversation between plaintiff and Frederick Miller, about the last of March or 1st of April, 1854, Miller was to occupy the house for the balance of the year to 1st January, 1855; that a sum was agreed upon to be paid by Miller, amount not recollected, but thinks it was $100. Miller died, leaving a widow, the defendant Mary Miller, who resided on the lot in controversy. In the conversation referred to, witness says that something was said by Miller about a redemption of the property, does not remember what it was, but thinks that plaintiff did not assent to the proposition, whatever it was.

Plaintiff closed, and defendant moved to dismiss the proceedings on the ground that the statutory remedy did not apply to a case like this; which motion the Court sustained, and dismissed the proceeding.

To which counsel for plaintiff excepted, and thereon assigns error.

Moses, for plaintiff in error.

Thomas, for defendant in error.

*By the Court.*—McDonald, J. delivering the opinion.

The Act under which this proceeding was instituted, (*Pamphlet* 1853-4, *page* 52,) provides remedies for landowners against intruders and against tenants at will, or sufferance, or in any other way, where there is no contract for rent. The three first sections of the act prescribe the remedy against intruders, and it was under these sections that the plaintiff in error proceeded in this case.

He made his affidavit that the land was in possession of the defendant, who did not, in good faith, claim a right to the same, and refused to abandon the possession. An affi-

davit was made by the defendant before the Sheriff, in which she admitted the possession, but deposed that she did in good faith claim a legal right to the possession. On this affidavit of defendant, an issue was formed.

From the evidence submitted to the jury, it appeared that the entry of the husband of defendant, Mary Miller, on the land was lawful, that he was on it under a contract for rent, and, as the witness stated, that he left a widow, the defendant, the presumption is that he died and she continued to occupy the premises.

The legality of the possession when the party proceeds under the three first sections of this Act, must depend on the legality of the original entry; for if there is a holding over only, the statutes provide other and ample remedy. The body of the Act must be so construed as to give a remedy against *intruders*, as the caption of the Act indicates to have been the intention of the Legislature; so the Court below ruled, and we affirm his judgment.

Judgment affirmed.